UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA COMMERCIAL CORP, <br><br> Plaintiffs, <br><br> v. <br><br> LENOX FINANCIAL MORTGAGE CORPORATION <br><br> Defendants. | Case No.: 1:13-cv-01489 AWI JLT <br><br> ORDER DENYING WITHOUT PREJUDICE STIPULATION TO AMEND THE SCHEDULING ORDER <br><br> (Doc. 58) |

Before the Court is the stipulation of counsel to extend the non-expert discovery deadline. (Doc. 58) This deadline was set forth in the Court's December 18, 2013 scheduling order. (Doc. 44) The scheduling order reads,

> ***The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause, even if a stipulation to modify is filed***. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations with attached exhibits, where appropriate, which establish good cause for granting the requested relief. Due to the impacted nature of the civil case docket, this Court disfavors requests to modify established dates.
> The stipulation fails to detail any discovery that has occurred or that is intended.

Id. at 8.

Despite this explicit requirement, in their current stipulation, counsel provide absolutely no explanation for why they have failed to complete discovery within the timeframe set forth in the scheduling order and note only that the Court has not yet ruled on the motions for summary judgment.

Id. at 2.[1]   They do no describe the discovery that has occurred or set forth that which stills needs to be completed.

  Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3).  In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery."  Id.  Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it."  Fed. R. Civ. P. 16(d).  Scheduling orders are intended to alleviate case management problems.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992).  As such, a scheduling order is "the heart of case management."  Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3rd Cir. 1986).

  A scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  Johnson, 975 F.2d at 610.  According to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b).  In Johnson, the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Id. at 609.  Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation."  Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995).  In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." Jackson, 186 F.R.D. at 608, emphasis added.

---

[1] Why this fact is included is not clear nor is it apparent why counsel feels this explains their failure to complete discovery in a timely fashion.

Here, there is no showing the parties have attempted to diligently complete discovery within the deadlines set forth in the scheduling order.  Therefore, the request to amend the scheduling order is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:  **May 27, 2014**          /s/ Jennifer L. Thurston
                                  UNITED STATES MAGISTRATE JUDGE